UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.B. and M.B., Minors, by their Next
Friend and Mother, BETH BARNARD,

    Plaintiff,

v.

HOLTON PUBLIC SCHOOLS, et al.,

    Defendants.

_____/

CASE No. 1:21-CV-788

HON. ROBERT J. JONKER

## ORDER

Effective August 24, 2021, the Holton Public Schools required indoor facial coverings for all students, staff, and visitors in an effort to combat the ongoing COVID-19 pandemic. *See https://www.holtonschools.com/downloads/_news_/family_letter_-_updated_back_to_school_plan_-_8-24-2021.pdf.* On September 13, 2021, the Clerk of Court docketed a pro se Complaint from Plaintiff Beth Barnard, a parent of two minor children in the school system. Plaintiff sues Holton Public Schools, the superintendent, and members of the school board. She alleges that the facial covering requirement is counterproductive and violates the religious and other civil liberties of her children. In her Complaint she seeks a Temporary Restraining Order prohibiting the Defendants from requiring facial coverings in schools. (ECF No. 1, PageID. 1). The request is denied on the present record.

The Court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the

moving party provides written certification of any efforts made to give notice and why notice should not be required. FED. R. CIV. P. 65(b)(1). Plaintiff has not satisfied this burden. The record does not include a verified complaint or affidavit; nor does it include a certification of any effort made to give notice or why notice should not be required. The request for a TRO fails on this ground alone. The Court sees no articulated need for action before the defense has an opportunity to be heard.

Moreover, it is unlikely that Plaintiff may appear and prosecute an action, in pro per, on behalf of her minor children without the benefit of counsel. Although Plaintiff is properly acting as the next friend of her children, *see* FED. R. CIV. P. 17(c), she cannot, as a non-attorney, represent the interests of another person, even her own children, in litigation. *See Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative. As a result, [plaintiffs] could not appear pro se in the claims brought on behalf of the [their] son . . . ."). Regardless of whether the law requires counsel to advance a case like this, Plaintiff—like virtually every other litigant—is normally well advised to proceed through competent counsel.

Even accepting Plaintiff's allegations, for purposes of argument, and even overlooking the potential problem of proceeding in pro per, there is no basis for emergent relief on the present record. Plaintiff appears to be alleging that the masks are 1) harmful to her children; 2) ineffective at blocking the disease; 3) a violation of informed consent; 4) a violation of religious liberty; and 5) a violation of other unspecified civil rights. The first two claims may be the subject of spirited medical, academic, and citizen debate. But in these situations, normally the law leaves decision to the judgment of local authorities under a rational basis standard of review. The materials

Plaintiff includes with her Complaint indicate ongoing review and balancing of competing concerns by school officials.  Plaintiff disagrees based on her own research but that disagreement, standing alone, does not authorize this Court to set aside the judgment of local officials.  Plaintiff undoubtedly has the best interests of her children at heart, and if she believes her children are especially susceptible to medical complications from the facial covering requirement, she should provide the school officials with the supporting statement of her children's physician for their consideration.  Based on the materials submitted with the Complaint, the school officials are open to considering medical exemptions.

The third issue (informed consent) seems to be based on the idea that the facial covering requirement is an Emergency Use Authorization of the FDA.  The FDA has used this authority at various points during the COVID-19 pandemic, such as for vaccines[1] and to address supply issues regarding personal protective equipment for use in health care settings.[2]  The Court is unaware of any Emergency Use Authorization with respect to facial coverings in school settings.  The materials attached to Plaintiff's Complaint do not identify any applicable FDA Emergency Use Authorization.  Rather, they indicate that school officials instituted the requirement based on their own judgment in response to recommendations made by the CDC and local health care practitioners and authorities.  The statutory and regulatory rules Plaintiff cites for EUAs do not apply here.

---

[1] The FDA has recently begun approving COVID-19 vaccines under its standard process.  FDA News Release, U.S. Food & Drug Administration, FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), *available at* https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.
[2] U.S. Food & Drug Administration, Personal Protective Equipment EUAs, (last visited Sept. 14, 2021), https://www.fda.gov/medical-devices/coronavirus-disease-2019-covid-19-emergency-use-authorizations-medical-devices/personal-protective-equipment-euas.

Finally, the federal civil rights and religious liberty issues identified by Plaintiff are important, but the Sixth Circuit Court of Appeals has already ruled against emergent relief in a similar context. In *Resurrection School v. Hertel*, ___ F.4th ___, 2021 WL 3721475 (6th Cir. Aug. 23, 2021), the Sixth Circuit Court of Appeals found that a facial covering requirement from the Michigan Department of Health and Human Services survived a free-exercise challenge under rational basis review. *See id.* at *14.  And in a recent decision, a District Judge in this district applied the Sixth Circuit's decision to deny a request for a TRO against a County Order requiring masks for all K-5 students. *See Resurrection School v. Hertel*, Case No. 1:20-cv-1016, 2021 WL 4099573 (W.D. Mich. Sept. 3, 2021).  Holton is a public school, making a successful free exercise claim even more difficult in this case.  Accordingly, on the present record, it is hard to see a likelihood of success on the merits, a necessary prerequisite for emergent relief.

More generally, the subject matter of Plaintiff's Complaint raises delicate issues triggering passionate debate across the state and nation.  Scientific knowledge about the issues continue to develop as more data and studies become available.  Medical advice and public policy responses adjust in an effort to take account of these developments.  Much remains unknown, and medical experts do not all agree, which leaves public policy makers and ordinary citizens in a very difficult and frustrating position.  In the midst of that kind of turmoil, litigation is almost inevitable.  But judges and courts do not have any special ability to divine a better path than one crafted by concerned citizens and local officials working together to understand each other and mutually seek the best interest of the children entrusted to them.  The Court always stands ready to decide issues within its jurisdiction.  But the Court doubts that any decision it can make will leave the parties and the public better off than they would be by continuing their efforts to engage their

4

disagreements and work toward an acceptable outcome that honors the best interest of the children, which the Court believes all sides sincerely have as their top priority.

Finally, in any consideration of emergent relief, the Court must evaluate the interests of third parties not before the Court and the public interest.  Here, masking—or not—affects not just Plaintiff and her children, but the health and welfare of other students, teachers and employees at the school.  The general public also has a strong interest in seeing that everything reasonably possible is being done to combat the spread of COVID-19, and to see that our public institutions and private businesses continue to operate in so far as possible through it all.  And everyone shares a common interest in trying to put the pandemic in our collective rearview mirror as soon as possible.  Emergent relief from courts in specific cases covering a few students at a time is not an especially promising way to make that happen.  The collective engagement of concerned citizens and leaders in constructive dialogue over their disagreement is more likely to yield an effective and sustainable solution.  Of course litigation can be a part of that dialogue.  But on the present record, the Court does not see a basis for emergent relief.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's request for Temporary Restraining Order is **DENIED.**  This is, of course, without prejudice to any future request for a preliminary injunction Plaintiff might make with notice and an opportunity for Defendants to respond.  In the meantime, this case will continue in the ordinary course.  Because Plaintiff may not be permitted by law to pursue the case in pro per, the Court encourages her to seek out competent counsel.

Dated:     September 15, 2021            /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE